**GOLDEN EAGLE INSURANCE COMPANY, a California corporation, Plaintiff—Appellant,**

v.

**FEDERAL INSURANCE COMPANY, a corporation, Defendant—Appellee.**

No. 03–57182.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Dec. 23, 2005.

Jules S. Zeman, Haight, Brown & Bonesteel, LLP, Los Angeles, CA, for Plaintiff–Appellant.

Glenn M. White, Esq., Glenn M. White Law Offices, Gilbert D. Jensen, Esq., Musick, Peeler & Garrett, Los Angeles, CA, for Defendant–Appellee.

Before: KLEINFELD, TASHIMA and FISHER, Circuit Judges.

## MEMORANDUM *

Golden Eagle Insurance Company appeals the district court's grant of summary judgment in favor of Federal Insurance Company in a diversity action seeking equitable contribution from Federal for defense costs associated with defending a lawsuit against the two insurers' mutual insured. Because the parties are familiar with the facts, we do not recite them in detail. We reverse.

The district court incorrectly found that Golden Eagle did not give sufficient notice to Federal that there was an on-going claim prior to incurring defense expenses, for which Golden Eagle would later seek contribution. The circumstances in *Truck Ins. Exch. v. Unigard Ins. Co.*, 79 Cal. App.4th 966, 94 Cal.Rptr.2d 516 (2000), on which the district court relied, are distinguishable from the facts here.

There, a company faced with multiple lawsuits tendered the defense of the actions to Truck, one of its insurers. After paying defense costs and indemnity, Truck sought equitable contribution from its apparent co-insurer, Unigard. The court of appeal held that Unigard was entitled to refuse to contribute because it had not been asked to participate in the litigation until after its resolution. *Id.* at 979, 94 Cal.Rptr.2d 516. Several facts distinguish this case from *Truck.* First, Federal, unlike Unigard, had no duty to defend its insured under the terms of its policy; it had only a duty to reimburse. Second, the litigation was tendered to Federal at the outset, and Federal acknowledged coverage and consented to the defense; Unigard, on the other hand, received no notice

of the case until well after its conclusion. Third, Federal chose not to participate in the defense on the basis of its other-insurance clause; Unigard had no opportunity to exercise any such option because it never knew of a defense in which to share control. Fourth, when notified prior to trial that a new proceeding was imminent as a result of the failure of a settlement, Federal again refused to take part in the defense. Thus, unlike in *Truck,* where Unigard was put on notice wholly after the fact and was indeed a "stranger to the litigation," *id.,* Federal was tendered with its potential liability early on and subsequently and at all times declined to be involved in the defense of its insured.

Notwithstanding its awareness of the litigation, Federal argues that it had no notice that Golden Eagle intended to seek contribution until it made its request, *after* trial. However, when the two companies communicated in December 2000, four months before trial actually began · in March 2001, it had to be obvious to Federal that at least one of the reasons Golden Eagle was giving it notice was to alert Federal that its duty to reimburse the defense costs of the mutual insured had been revived.[1] That Golden Eagle did not expressly use the words "equitable contribution" is not fatal to its claim to such contribution under California insurance law.

Because Federal was tendered with the matter at the outset, acknowledged coverage, consented to the defense and was later notified again that the settlement had collapsed and a future trial loomed, the district court erred in finding that Federal

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The dissent estimates that Golden Eagle incurred $138,000 in attorney's fees *prior* to the time Golden Eagle notified Federal that the settlement had fallen through and the case was proceeding to trial. Federal has not argued this number to us, and the record is not clear that the number is correct.

did not receive sufficient notice from Golden Eagle. We reverse the district court's summary judgment granted to Federal. Golden Eagle is entitled to an award of equitable contribution in an amount to be determined by the court.

The judgment of the district court is **REVERSED** and **REMANDED** for proceedings consistent with this disposition.

KLEINFELD, Circuit Judge, dissenting:

I respectfully dissent.

Golden Eagle insured a company, Federal covered its executives. Both the company and one of its executives were sued, attorneys were hired, and the case settled after some preliminary negotiations. Federal paid its agreed upon share and each insurance company closed its files in January of 1998. As far as Federal knew, the litigation was settled and over.

Six months later, the settlement somehow fell apart and litigation resumed. The company resubmitted the claim to Golden Eagle, Golden Eagle hired new attorneys, and the case headed towards trial. The problem is that nobody told Federal until two years and $138,573.97 in attorneys's fees later.[1] In December of 2000—after the $138,000 in attorneys fees was incurred—Golden Eagle contacted Federal, told it that the settlement had failed two years earlier, and informed it that a trial date was set for January. Golden Eagle also explained that it was looking for a way out of the case. Golden Eagle did not tell Federal that it might be liable for part of the judgment or request that Federal contribute to the defense.

Federal does not have a duty under its policy to pay defense costs or any portion of a judgment unless it is first notified and consents. Paragraph 10 of Federal's insurance policy makes written notice "a condition precedent" to any coverage. Paragraph 11 requires "written consent" from the company before "incur[ring] any Defense Costs."

Paragraph 11 also gives Federal the right to associate in the defense and settlement. It was deprived of these rights and the condition precedent was not satisfied.

Federal was thus deprived of its opportunity to demand separate counsel for the company and its executive, whose interests might well conflict and who were separately represented in the earlier litigation. This case is materially similar to *Truck Insurance Exchange v. Unigard Ins. Co.*[2] As *Truck* held, "absent compelling equitable reasons, courts should not impose an obligation on an insurer that contravenes a provision in its insurance policy."[3] There are no "compelling equitable reasons" that entitle one insurance company to take $200,000 from another despite absence of notice and breach of the duty to associate the other in the defense. An insurer cannot be charged with refusing to do what it was not asked to do.

Nor is this a breach of the duty to defend a case. Federal's policy provides in paragraph 11 that "it is the duty of the Insured Persons and not the duty of the Company to defend." Federal's duty is limited to payment, and that duty is condi-

---

1. This figure is based on page 597 of the Excerpt of Record showing the amounts paid by Golden Eagle for defense costs. The figure does not appear in the excerpt, but rather individual costs such as $250 filing fees appear in the excerpt. $138,573.97 is the sum of bills paid prior to December 1, 2000.

2. *Truck Ins. Exchange v. Unigard Ins. Co.*, 79 Cal.App.4th 966, 94 Cal.Rptr.2d 516 (2000).

3. *Id.* at 975, 94 Cal.Rptr.2d 516.

tioned upon notice and effective association in the defense. Federal can owe money in this case only if its insurance policy obligated it to pay money. The policy quite clearly does not require payment when, as here, there was no notice and no effective association. Golden Eagle, the insured company, and the insured executive received notice of the claim. Golden Eagle engaged counsel and controlled the defense. Thus, Golden Eagle, not Federal, is obligated to pay the defense cost it incurred.